UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JEBARA IGBARA,

        Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 22-CR-424 (FB)

**BLOCK, Senior District Judge:**

Jebara Igbara pleaded guilty to two counts of wire fraud and one count of money laundering in connection with his management of Halal Capital LLC, a company that ostensibly raised capital for investments but was, in fact, used to perpetrate a pyramid scheme that lined Igbara's own pockets. The Court sentenced Igbara to 84 months' imprisonment and two years' supervised release. In addition, he was ordered to pay a total of $12,657,405 in restitution to eight identified victims of his fraud.

Noor Rabah was a 50% owner of Halal Capital. Some ten months after the restitution order was entered, he—proceeding *pro* se on behalf of himself, Halal Capital, and seven other individuals—submitted a letter asking the Court to amend the restitution order to include losses they allegedly incurred as a result of Igbara's fraud. Rabah represents that the group's attorney "received multiple official notifications regarding victim restitution, sentencing, and our rights to speak to the

court in the presence of the defendant," but "failed to inform us and update us, thereby silencing our voices and violating our rights under the Crime Victims' Rights Act." Letter of Noor Rabah (Sept. 29, 2025). The government and Igbara take no position on the request.

Although Rabah may represent his own interests, he "may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). With respect to his own claim, 18 U.S.C. § 3664(d)(5) provides the exclusive means for amending a restitution order:

> If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

The plain language of the statute limits amendments of restitution orders to cases in which an existing victim "subsequently discovers further losses." The Court's research has not revealed any cases interpreting the statute to allow new victims to present claims after the restitution order has been entered.

In any event, Rabah has not demonstrated good cause for not submitting his restitution claims earlier. He concedes that his attorney was aware of the restitution proceedings. Under general principles of agency law, an attorney's knowledge is imputed to his or her client. *See Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994) (citing Restatement (Second) of Agency § 9(3) (1958)).

2

For these reasons, Rabah's request to amend the restitution order is denied. This does not, of course, prejudice any other remedy he and the other omitted victims may have against Igbara or their attorney.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 26, 2026

3